## BULLOCK v. UNITED STATES.
### No. 9199.

United States Court of Appeals
District of Columbia.

Argued June 5, 1946.

Decided Oct. 21, 1946.

———◆———

Mr. Curtis P. Mitchell, of Washington, D. C., for appellant.

Mr. Sidney S. Sachs, Assistant United States Attorney, of Washington, D. C., with whom Messrs. Edward M. Curran, United States Attorney, and John C. Conliff, Jr., Assistant United States Attorney, both of Washington, D. C., were on the brief, submitted on brief· for appellee.

Before EDGERTON, CLARK, and MILLER, Associate Justices.

CLARK, Associate Justice.

This is an appeal from a judgment on a conviction of robbery. Appellant and a second defendant were indicted and tried together. Both were found guilty and appellant was sentenced to a term of from two to six years.

The evidence presented at the trial disclosed that John T. Robinett, a man of advanced age, arrived in Washington early on the morning of November 30, 1945, and after leaving the bus terminal walked along the sidewalk and inquired of a passerby as to how he might get to a streetcar which would take him to his daughter-in-law's residence. The man told him that he would show him the way and walked along with Mr. Robinett for a time when he was joined by a third man, who accompanied them a few steps when the two attacked the old man, knocked him to the sidewalk, searched his pockets and carried away his suitcase.

It was testified that shortly after this encounter appellant Bullock, in the company of another man who was carrying a suitcase, was seen running at or near 9th & Massachusetts Avenue, Northwest, where they were taken into custody by two police officers who inquired as to where they were going and what there was in the suitcase. Bullock and the co-defendant were taken to the precinct station where the complaining witness was found and the bag and its contents identified as his. It was testified that at the police station there was an altercation between the defendants and the police officers occasioned by an attempt to escape.

In bringing this appeal appellant urges that there was insufficient evidence to warrant submitting the case to the jury; that he was not identified as a participant in the crime inasmuch as the complaining witness was unable to identify either of the defendants, and further because he had neither actual nor constructive possession of the fruits of the assault. All the points urged on this appeal are directed toward what appellant believes to be the paucity of the circumstantial evidence upon which his conviction rests.

We have reviewed the entire record of the trial and concluded that the circumstantial evidence was enough to take the case to the jury, and that the jury was properly instructed. The testimony given by appellant at the time of the trial did not correspond with the testimony of the arresting officers based on their interrogation of him at the time he was picked up. The jurors were at liberty to accept or reject appellant's defensive testimony, and if they believed the prosecution's witnesses, it was reasonable to conclude, as they did, that Bullock participated in the crime. We support the jury's determination of the matter.

Affirmed.